UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| JEREMY R. BEHLMANN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 2:17CV24-HEA |
| v. | ) | |
| | ) | |
| J. SHRADER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the filing of the Amended Complaint. For the reasons stated below, this case will be dismissed, without prejudice.

## Background

On April 13, 2017, plaintiff, then an inmate at the Moberly Correctional Center, filed a complaint in this Court pursuant to 42 U.S.C. § 1983, and filed a motion for leave to proceed *in forma pauperis*. In the complaint, plaintiff named 31 defendants, including judges, prosecuting attorneys, legal assistants, court reporters, probation and parole officers, law enforcement departments and officers, hospitals, a psychiatric center, a news media organization, and his two maternal aunts. The complaint spanned 35 pages, and asserted claims concerning various events that occurred from approximately 2014 to 2017. The complaint was long, rambling and full of legalese and conclusory statements, and it failed to set forth facts showing how each defendant was personally responsible for violating plaintiff's federally-protected rights. In a Memorandum and Order dated May 15, 2017, the Court granted plaintiff leave to proceed *in forma pauperis*, fully explained the foregoing deficiencies in the complaint, and permitted him leave to file an

amended complaint to cure those deficiencies. On June 16, 2017, plaintiff filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This Court is required to liberally construe a *pro se* complaint, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and must accept plaintiff's factual allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, the Court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Giving a *pro se* complaint the benefit of a liberal construction does not mean that the rules of ordinary civil litigation must be interpreted to excuse mistakes by those who proceed *pro se*. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

In the amended complaint, plaintiff names nine defendants, all of whom were named in the original complaint: Matt Oller and James Shrader (the Sheriff and Chief Deputy Sheriff, respectively, of Audrain County, Missouri); Joe Goodwin and Jim Willer (Audrain County Sheriff's Deputies); Jacob Shellabarger (the Audrain County prosecuting attorney); Connie Hagen (Audrain County Public Administrator) and Penny Creed-Craghead (Audrain County

2

Circuit Court Clerk); and Janet Scales-Darabcsek and Patricia Johnson (plaintiff's aunts). Plaintiff sues all defendants in their official and individual capacities for monetary damages.

Plaintiff specifies that "[a]ll claims originate from a civil warrant action conducted as a criminal matter" by Judge Wesley C. Dalton and all of the named defendants. (Docket No. 11 at 6). Plaintiff alleges that "[t]he civil commitment warrant was not predicated upon a showing to a judicial officer of more than a preponderance of evidence" that plaintiff was a danger to himself or others, and "[t]he result of which, was loss of liberty by being sent to prison for alleged crimes committed while being served the unconstitutional warrant." (*Id.* at 6). He alleges that Shellabarger, Hagen, and Creed-Craghead should not have allowed the civil commitment warrant to issue or should have stopped it from issuing; that Shrader, Oller, Goodwin and Willer turned the service of the civil commitment warrant into a criminal matter; and that Shellabarger engaged in malicious prosecution and brought false charges.

Plaintiff alleges the following facts, among others, in support of his claims. On October 6, 2014, Scales-Darabcsek came to plaintiff's door, and he told her to leave. The "State's agents waited in ambush, hidden by a cornfield to improperly make an already unconstitutional warrant, further unconstitutional by turning the event into a criminal arrest." (*Id.* at 11). Plaintiff later left his house to drive to an appointment. While driving, he noticed he was being pursued by a vehicle with a flashing light. He fled and a car chase ensued, during which an unmarked vehicle tried to "T-bone" his vehicle. (*Id.*) Plaintiff was ultimately stopped by Columbia, Missouri police officers. The encounter "was then turned into a criminal matter" and plaintiff was charged with assault, resisting arrest, careless and imprudent driving, failure to yield to an emergency vehicle, and endangering a highway worker. (Docket No. 11 at 12). Plaintiff pleaded guilty and

3

received a four-year prison sentence.  *See State v. Jeremy Ryan Behlmann*, case no. 14AU-CR00696-01 (12th Jud. Cir. Feb. 29, 2016).

Plaintiff includes many other factual allegations, including: Shellabarger approached him at a social event and plaintiff was later ejected from the event and assaulted in the parking lot by unknown persons; Shellabarger attended one of plaintiff's past parole hearings after which plaintiff was placed on suicide watch; Shellabarger is concerned because plaintiff has accused him of using illegal drugs; and Scales-Darabcsek and Johnson want plaintiff incarcerated so they can gain control of his trust fund.  Plaintiff also states that his treating physician and his family's attorney had warned him that his aunts, the sheriff and his deputies, and Shellabarger intended to do him harm and/or have him committed.  Plaintiff also includes allegations about events that occurred at different times, including that Shellabarger listened to his telephone conversations.  For his claim for relief, he seeks $50 million in compensatory damages, and $200 million in punitive damages.

After filing the amended complaint, plaintiff filed a series of motions.  He moved for the appointment of a handwriting expert to prove that Scales-Darabcsek forged a document, he motioned the Court to accept evidence that would show that Audrain County officials "explicitly turned a civil commitment warrant into a criminal matter," and he moved to remove a state court criminal case. (Docket Nos. 12-14).  Plaintiff also filed a motion he titled "notice of ex parte," in which he asks the Court to take "plenary jurisdiction" over him and "order an "EX-PARTE." (Docket No. 15) (emphasis in original).

## Discussion

To state a claim under § 1983, a complaint must allege deprivation of a right, privilege or immunity secured by the Constitution and laws of the United States by the conduct of persons

acting under color of state law. 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) (a plaintiff must allege an affirmative causal connection between the defendant's conduct and the constitutional deprivation). As noted above, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While the amended complaint is long, rambling, and often confusing, plaintiff is very clear that the constitutional harm he is suing for is the loss of his liberty when he was imprisoned for crimes he committed when an attempt was made to serve the civil commitment warrant. However, the factual matter plaintiff alleges does not permit the reasonable inference that any defendant is responsible for causing that alleged constitutional harm. Allegations that defendants are responsible for the loss of his liberty because they were involved in the issuance of a civil commitment warrant and then caused or are somehow responsible for plaintiff's commission of crimes while it was being served are speculative at best. As such, it cannot be said that the amended complaint contains any facially plausible claims or raises the right to relief above the speculative level. It is therefore subject to dismissal for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Iqbal*, 556 U.S. at 678-79.

The amended complaint is also subject to dismissal because the allegations therein are "clearly baseless" under the standard set forth in *Denton*, 504 U.S. 25 and *Neitzke v. Williams*, 490 U.S. 319 (1989). The category of "clearly baseless" encompasses allegations that are

5

fanciful, fantastic or delusional, or that rise to the level of the irrational. *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327-28). Here, plaintiff's allegations strain credulity. He alleges that nine people – from his aunts to the local sheriff and his deputies to county employees to the county prosecutor – took action independently and/or as part of a conspiracy to cause the illegal issuance of a civil commitment warrant, and then somehow caused plaintiff to commit crimes while the warrant was being served. These allegations are fantastic and delusional and rise to the level of the irrational, and the amended complaint is subject to dismissal on this basis, as well. *See id.*

In the alternative, plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). To the extent plaintiff claims any defendant violated state law, he fails to state a claim under § 1983 because violations of state law do not alone state a claim under 42 U.S.C. § 1983. *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995). To the extent plaintiff purports to bring an action to challenge the constitutionality of a Missouri state statute, it does not appear that he followed Rule 5.1 of the Federal Rules of Civil Procedure. Plaintiff's claims against Scales-Darabcsek and Johnson would be dismissed because they are not state actors, and therefore cannot be held liable under § 1983. Plaintiff's claims against Shellabarger are based upon actions he took in his role as prosecutor, and he is therefore absolutely immune. *See Sebastian v. United States*, 531 F.2d 900, 903 (8th Cir. 1976) (dismissing claim against prosecutor who prepared civil commitment petition); *Smith v. Shorstein*, 217 Fed. App'x 877, 880 (11th Cir. 2007) (finding absolute prosecutorial immunity for prosecutor's role in involuntary commitment). To the extent plaintiff can be understood to assert a claim against Judge Dalton for issuing the civil commitment warrant, such claims are subject to dismissal because judges are absolutely immune from such suit. *See Imbler v. Pachtman*, 424 U.S. 409,

434-35 (1976). Similarly, plaintiff's claims against Hagen and Creed-Craghead are based upon their quasi-judicial functions of carrying out the judge's instructions, and judicial immunity extends to officials who perform quasi-judicial functions or who act pursuant to a judge's instructions. *See Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980) (finding that "[j]udicial immunity extends as well to those who carry out the orders of judges," and extending judicial immunity to a clerk who filled out civil commitment paperwork); *Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970) ("clerks of court are entitled to immunity the same as judges"). Plaintiff's claims against the Audrain County Sheriff's Department defendants amount to claims of false arrest. However, plaintiff pleaded guilty to the crimes of which he was charged, and a guilty plea forecloses a § 1983 claim for false arrest. *See Williams v. Schario*, 93 F.3d 527, 528-29 (8th Cir. 1996), *Malady v. Crunk*, 902 F.2d 10 (8th Cir. 1990). Finally, to the extent plaintiff can be understood to assert claims calling into question the lawfulness of his criminal convictions or his confinement, such claims are clearly barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) because judgment in his favor would necessarily imply the invalidity of his convictions or sentences, and he does not allege they have previously been reversed, expunged, or called into question by issuance of a writ of habeas corpus.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the amended complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's pending motions (Docket Nos. 2, 8, 12, 13, 14, and 15) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of August, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE